UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
AQUAROOTS SHIPPING CO. LTD.,          :

          Plaintiff,          :     07 Civ. _____ (   )

  - against -                                    :     ECF CASE

SINO SMART SHIPPING LIMITED,          :
FUJIAN GUANHAI SHIPPING CO., and
BARRY ROGLIANO SALLES,                 :

          Defendants.         :
------------------------------------------------------------X

07 CV 342

JUDGE RAKOFF

RECEIVED JAN 16 2007 U.S.D.C. S.D.N.Y. CASHIERS

## VERIFIED COMPLAINT

Plaintiff, AQUAROOTS SHIPPING CO. LTD. (hereinafter referred to as "Plaintiff"), by and through its attorneys, Tisdale & Lennon, LLC, as and for its Verified Complaint against the Defendants, SINO SMART SHIPPING LIMITED ("Sino Smart"), FUJIAN GUANHAI SHIPPING CO. ("Fujian"), and BARRY ROGLIANO SALLES ("Barry") (hereinafter collectively referred to as "Defendants"), alleges, upon information and belief, as follows:

1.     This is an admiralty and maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure and 28 United States Code § 1333.

2.     At all times material to this action, Plaintiff was, and still is, a foreign company duly organized and operating under the laws of Liberia.

3.     Plaintiff is and was, at all material times, the owner of the M/V "VORIOS IPIROS HELLAS."

4.     Upon information and belief, Defendant SINO SMART SHIPPING LIMITED, was, and still is, a foreign corporation or other business entity organized under and existing by virtue of foreign law, and was at all material times the Owner of the M/V "LONG HAI."

5. Upon information and belief, Defendant FUJIAN GUANHAI SHIPPING CO., was, and still is, a foreign corporation or other business entity organized under and existing by virtue of foreign law, and was at all material times the manager of the M/V "LONG HAI."

6. Upon information and belief, Defendant BARRY ROGLIANO, was, and still is, a foreign corporation or other business entity organized under and existing by virtue of foreign law, and is the broker for the M/V "LONG HAI."

7. By a charter party dated October 30, 2006, Plaintiff chartered the M/V "VORIOS IPIROS HELLAS" to an entity titled, Nanyuan Shipping Co. Ltd.

8. Pursuant to the charter party, the M/V "VORIOS IPIROS HELLAS" sailed from the port of Qingdao with a quantity of 29,505,988 metric tons of general steel cargo to her second load port of Xingang.

9. On November 26, 2006, during the course of the voyage, the M/V "VORIOS IPIROS HELLAS" was struck by the M/V "LONG HAI".

10. As a result of the collision, the M/V "VORIOS IPIROS HELLAS" suffered considerable damage, including water ingress into her cargo holds causing damage to the steel cargo loaded within.

11. The M/V "VORIOS IPIROS HELLAS" then put into the port of Tianjin and declared General Average.

12. The owners of the majority of the steel cargo on board, Shandong Shiheng Special Steel Group, arrested the M/V "VORIOS IPIROS HELLAS" and obtained an order directing their cargo be discharged at Tianjin.

13. Other cargo still remains on board the M/V "VORIOS IPIROS HELLAS" in wetted and deteriorating condition. This cargo still has to be delivered to Jebel Ali, United Arab Emirates, where there will no doubt be further claims against the Vessel.

14. The Vessel has been delayed since November 26, 2006 and is still in Tianjin.

15. Upon information and belief, the "LONG HAI" is exclusively, or at least substantially, responsible for the collision.

16. As a result of the collision, for which Defendants Sino Smart and Fujian, as the Owner and manger of the "LONG HAI," are exclusively or at least substantially responsible, Plaintiff has and will continue to suffer losses in the total principal sum of $8,243,750.00, exclusive of interest, costs and reasonable attorney's fees.

17. Defendants failed to pay the damages resulting from the collision or otherwise secure Plaintiff's claim.

18. Plaintiff is currently preparing to litigate its claims against the Defendants in India, Hong Kong, Singapore or China.

19. Interest, costs and attorneys' fees are routinely awarded to the prevailing party in such proceedings. As best as can now be estimated, Plaintiff expects to recover the following amounts under the final award/judgment:

    A. On the principal claim:

| | |
|---|---|
| Damage to cargo per arrest of Shandong Shiheng | $4,000,000.00 |
| Claim of stevedores at Tianjin: | $1,000,000.00 |
| Port expenses at Tianjin: | $1,000.000.00 |
| Temporary repairs at Tianjin: | $200,000.00 |
| Estimated cost of permanent repairs: | $500,000.00 |

|  |  |  |
|---|---|---|
|  | Loss of earnings during permanent repairs including removal expenses: | $275,000.00 |
|  | Loss of earnings at Tianjin from November 26, 2006 until January 19, 2007: | $1,168,750.00 |
|  | MDO Consumption during time at Tianjin: | $100,000.00 |
| **SUB TOTAL:** |  | **$8,243,750.00** |
| B. | Interest at 7.5% over three years: | $1,854,843.00 |
| C. | Attorneys fees and costs: | $250,000.00 |
| **TOTAL:** |  | **$10,348,593.00** |

20. Upon information and belief, Defendants Barry and Fujian act as a paying agents, or receiving agents, or arrange for other non-parties to satisfy the debts and obligations of Defendant Sino Smart, and/or receive payments being made to Defendant Sino Smart.

21. Defendants Barry and Fujian are now, or will soon be, holding assets belonging to Defendant Sino Smart and vice versa.

22. The Defendants cannot be found within this District within the meaning of Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims of the Federal Rules of Civil Procedure, but, upon information and belief, Defendants have, or will have during the pendency of this action, assets within this District and subject to the jurisdiction of this Court, held in the hands of garnishees including, but not limited to, ABN-AMRO, American Express Bank, Bank of America, Bank of China, Bank of India, Bank of New York, BNP Paribas, Barclay's Bank, Credit Suisse First Boston, Calyon, Citibank, Deutsche Bank, HSBC (USA) Bank, J.P. Morgan Chase, Societe Generale, Standard Chartered Bank, State Bank of India, UBS AG, and/or Wachovia, which are believed to be due and owing to the Defendants.

23.     The Plaintiff seeks an order from this court directing the Clerk of Court to issue Process of Maritime Attachment and Garnishment pursuant to Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims and also pursuant to the United States Arbitration Act, 9 U.S.C. §§ 1 and 8, attaching, *inter alia*, any assets of the Defendants held by the aforesaid garnishees for the purpose of obtaining personal jurisdiction over the Defendants, and to secure the Plaintiff's claim as described above.

**WHEREFORE**, Plaintiff prays:

A.      That process in due form of law issue against the Defendants, citing them to appear and answer under oath all and singular the matters alleged in the Complaint;

B.      That since the Defendants cannot be found within this District pursuant to Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims, this Court issue an Order directing the Clerk of Court to issue Process of Maritime Attachment and Garnishment pursuant to Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims and also pursuant to the United States Arbitration Act, 9 U.S.C. §§ 1 and 8, attaching all tangible or intangible property in whatever form or any other funds held by any garnishee, including, but not limited to, ABN-AMRO, American Express Bank, Bank of America, Bank of India, Bank of China, Bank of New York, BNP Paribas, Barclay's Bank, Credit Suisse First Boston, Calyon, Citibank, Deutsche Bank, HSBC (USA) Bank, J.P. Morgan Chase, Societe Generale, Standard Chartered Bank, State Bank of India, UBS AG, and/or Wachovia Bank, which are due and owing to the Defendants, in the amount of **$10,348,593.00** to secure the Plaintiff's claims, and that all persons claiming any interest in the same be cited to appear and pursuant to Supplemental Admiralty Rule B answer the matters alleged in the Complaint;

C.   An Order recognizing and enforcing the final award/judgment rendered in Plaintiff's favor;

D.   That this Court retain jurisdiction over this matter through the entry of any judgment or award associated with any of the claims currently pending, or which may be initiated in the future, including any appeals thereof; and

E.   That the Plaintiff has such other, further and different relief as the Court may deem just and proper.

Dated: January 16, 2007
       New York, NY

                                    The Plaintiff,
                                    AQUAROOTS SHIPPING CO. LTD.,


                            By: _____
                                Patrick F. Lennon (PL 2162)
                                Nancy R. Peterson (NP 2871)
                                TISDALE & LENNON, LLC
                                11 West 42nd Street, Suite 900
                                New York, NY 10036
                                (212) 354-0025 – phone
                                (212) 869-0067 – fax
                                plennon@tisdale-lennon.com
                                npeterson@tisdale-lennon.com

## ATTORNEY'S VERIFICATION

State of Connecticut    )
                        )    ss.:    Town of Southport
County of Fairfield     )

1. My name is Nancy R. Peterson.

2. I am over 18 years of age, of sound mind, capable of making this Verification, and fully competent to testify to all matters stated herein.

3. I am an associate in the firm of Tisdale & Lennon, LLC, attorneys for the Plaintiff.

4. I have read the foregoing Verified Complaint and know the contents thereof and believe the same to be true and accurate to the best of my knowledge, information and belief.

5. The reason why this Verification is being made by the deponent and not by the Plaintiff is that the Plaintiff is a business organization with no officers or directors now within this District.

6. The source of my knowledge and the grounds for my belief are the statements made, and the documents and information received from, the Plaintiff and agents and/or representatives of the Plaintiff.

7. I am authorized to make this Verification on behalf of the Plaintiff.

Dated:      Southport, Connecticut
            January 16, 2007

_____
Nancy R. Peterson